**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN ALBERTO ESTEFES, *on behalf of himself, FLSA Collective Plaintiffs*, *and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>SAMANTHA GENERAL CONSTRUCTION CORP. and<br>ARMANDO RODRIGUEZ,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff JUAN ALBERTO ESTEFES ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Corporate Defendant SAMANTHA GENERAL CONSTRUCTION CORP. and Individual Defendant ARMANDO RODRIGUEZ ("Individual Defendant," collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) unpaid wages, including unpaid overtime, due to withheld and bounced checks, (3) late payments, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime,

due to time-shaving, (2) unpaid wages, including unpaid overtime, due to withheld and bounced checks, (3) late payments, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

3. Plaintiff also alleges that Defendants failed to pay him and Class members prevailing wages for work done on multiple public works projects. In doing so, Defendants (1) breached the implied covenant of good faith and fair dealing with Plaintiff and Class Members and (2) violated Plaintiff's and Class Members' rights as third-party beneficiaries of the public works contracts between Defendants and the relevant government instrumentality.

4. Plaintiff, potential collective members, and putative class members are current and former general laborers, drivers, carpenters, construction workers and other similarly positioned employees of Defendants and were victims of Defendants' schemes to underpay and withhold pay.

5. Plaintiff, FLSA Collective Plaintiffs and Class Members were all victims of Defendants' failure to pay wages, including overtime wages. Defendants instituted a policy of not compensating wages for all hours worked, including (1) not tracking actual hours worked, and (2) compensating employees based on a fixed schedule, regardless of whether employees worked longer than their scheduled shifts. Additionally, Defendants failed to issue timely pay to Plaintiff, FLSA Collective Plaintiffs and Class Members and even withheld pay for entire weeks of work.

6. Plaintiff brings this wage and hour class action on behalf of himself, and all Class Members employed by Defendants, who during the applicable state and federal limitations period (the "Class Period"), were similarly underpaid by Defendants in violation of protections afforded under the FLSA and NYLL.

7. To the extent that gap-time claims (claims for unpaid wages for hours worked up to forty (40) which do not implicate statutory minimum wage laws) or claims seeking damages for failure to pay for all hours of work, are not covered by statutory protections, Plaintiff further alleges that he and others

similarly situated are entitled to recover from Defendants the following, pursuant to breach of contract and unjust enrichment: (1) wrongfully withheld or diverted payments, (2) punitive damages due to egregious conduct and (3) attorneys' fees and costs.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Personal jurisdiction is proper as Corporate Defendant is incorporated in the State of New York.

10. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as Corporate Defendant's principal place of business is in the district in which this Court sits and therefore, a substantial amount of the acts and omissions giving rise to this action occurred in this District.

**PARTIES**

11. Plaintiff ESTEFES is a resident of Queens County, New York.

12. Corporate Defendant, SAMANTHA GENERAL CONSTRUCTION CORP. is domestic business corporation organized under the laws of the State of New York with a principal place of business located at 1511 Sheridan Avenue, Apt A31, Bronx, NY, United States, 10457. The address of service is located at 421 Bronx Park Avenue, Bronx, NY, United States, 10460.

13. Individual Defendant, ARMANDO RODRIGUEZ is the principal and owner of SAMANTHA GENERAL CONSTRUCTION CORPORATION. Defendant RODRIGUEZ exercised functional control over business and financial operations as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, Defendant RODRIGUEZ—by himself or through managerial staff—exercised this (1) power to fire and hire employees, (2) supervise and control

employee work schedules, (3) determine the rate and method of compensation, (4) maintain employment records and (5) otherwise effect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant had the ultimate authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members.

14. Plaintiff himself was hired directly by Defendant RODRIGUEZ. Defendant RODRIGUEZ directly supervised Plaintiff and all other employees at worksites during Plaintiff's employment and Plaintiff would raise scheduling and pay concerns directly to Defendant RODRIGUEZ.

15. At all relevant times, Defendant RODRIGUEZ exercised functional control over Corporate Defendants' businesses and its financial operations.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

17. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the regulations thereunder.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to general laborers, drivers, carpenters, and construction workers, among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been

subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to time-shaving as well as late payment of wages and improperly withheld payments. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

21. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

22. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to general laborers, drivers, carpenters and construction workers, among others, employed by Defendants in the six (6) years, or the relevant statutory period of each jurisdiction's applicable labor law, before the filing of the Complaint (the "Class Members").

23. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identities of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23. 25.

24. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of

such persons is unknown, as the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

25. To the extent necessary, Plaintiff will designate subclasses for each of the states where Defendants have employees.

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (1) failing to pay wages, including overtime, due to time-shaving, (2) failing to pay wages, including unpaid overtime, due to late payment of wages as well as withheld and bounced checks, (3) failing to properly provide wage and hour notices, at date of hiring and annually, (4) failing to provide proper wage statements and (5) failing to pay prevailing wages on public works projects.

27. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single

forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Defendants and other employers throughout the country violate state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff, FLSA Collective Plaintiffs, and Class Members;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendants properly compensated Plaintiff and Class Members for their hourly rate and overtime rate;

f) Whether Defendants paid Plaintiff and Class Members for the actual hours that they worked;

g) Whether Defendants operated its business with a policy of failing to pay Plaintiff and Class Members for all their hours worked due to a policy of time-shaving;

h) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL;

i) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

j) Whether Defendants paid Class Members prevailing wages on public works projects and, if not, the difference between these wages and the wages actually received by Class Members.

## STATEMENT OF FACTS

32. In or around April 2023 until September 30, 2024, Plaintiff ESTEFES was employed by Defendants as a Construction Worker.

33. Throughout his employment, Defendants scheduled Plaintiff to work five (5) days per week, from 8:00 a.m. to 4:30 p.m., for eight and a half (8.5) hours per day with a daily half hour meal break. In total, Plaintiff was scheduled to work approximately forty-two and a half (42.5) hours per week during this period. At all times, Defendant required Plaintiff to work his scheduled hours and hours in addition to his schedule, which were not compensated. FLSA Collective Plaintiffs and Class Members had similar schedules and worked similar hours in excess of those schedules without compensation.

34. Plaintiff's pay was $28.00 per hour. FLSA Collective Plaintiffs and Class Members were compensated by Defendants at similar hourly rates.

35. Throughout his employment, Plaintiff was time shaved and not compensated for all hours worked. Specifically, at least four (4) days per week, Defendants required Plaintiff to work 1 hour after in

excess of his scheduled shift to complete a task. However, Defendants only ever compensated Plaintiff for his scheduled hours. FLSA Collective Plaintiffs and Class Members were similarly compensated only for their scheduled hours rather than their actual of hours work.

36. Additionally, when Plaintiff was assigned to work on public projects, Plaintiff was not paid the prevailing wage those public works projects required. FLSA Collective Plaintiffs and Class Members were similarly not compensated at the rates required by public works projects.

37. Under NY Labor Law § 220(a), Defendants were required to pay prevailing wages to employees working on public works projects, including work in public schools. This obligation was either expressly included or incorporated by reference into Defendants' contract with either a New York City government instrumentality (presumably, the Board of Education) or with any general contractor with which the government instrumentality had a contract.

38. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay wages, including overtime, to Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours they worked due to Defendants' policy of time-shaving, in violation of the FLSA and the NYLL.

39. The State of New York has wage laws providing damages for the failure to provide accurate pay documents. In violation of the Wage Theft Protection Act ("WTPA")—incorporated into the NYLL—Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and Class Members at the beginning of their employment with Defendants.

40. At all relevant times, Defendants failed to provide Plaintiff and Class Members with timely payments of wages, in violation of the NYLL.

41. Plaintiff and Class Members are manual workers. Plaintiff and Class Members spent the majority of their workdays performing duties that required sustained physical effort. For Plaintiff, these

duties included lifting, hauling, unloading materials, leveling, bricklaying, operating power tools and heavy machinery, and building, among others, during their entire eight and a half (8.5) hour days. Due to their status as manual workers, Plaintiff and Class Members are entitled to weekly compensation pursuant to NYLL § 191(1)(a).

42. However, Defendants failed to pay Plaintiff within seven (7) days of the end of the week in which Plaintiff earned his wages, in violation of NYLL § 191(1)(a)(i). Specifically, Plaintiff would almost always receive his pay days after the statute required and days after his normal pay date.

43. For the last weeks of Plaintiff's employment, Plaintiff was compensated nothing at all due to Defendants' withheld and bounced checks. This delayed payment caused Plaintiff and Class Members to struggle to timely pay bills and other financial obligations.

44. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

45. Defendants knowingly and willfully failed to timely compensate Plaintiff and Class Members, in violation of NYLL.

46. When Defendants hired Plaintiff and Class Members, the parties entered into a contract. The covenant of good faith and fair dealing is implicit in every contract under New York law.

47. At all relevant times, Defendants failed to provide accurate wage notices and wage statements to Plaintiff and Class Members, in violation of the Wage Theft Prevention Act ("WTPA"), incorporated into the NYLL.

48. In failing to provide wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature. Following the decision in *Guthrie v. Rainbow Fencing Inc.,* 113 F.4th 300, 303 (2d Cir. 2024), courts have generally held that there is no categorical bar on Article III standing for WTPA claims. Instead, the Second

Circuit found that "[t]he lack of such notices and statements might impair 'an employee's ability to seek relief for violations they may not have information about'" to an extent sufficient to support standing.

49. New York courts continue to find sufficient standing to support these claims. One such court stated the following at summary judgment:

> "Here, the Court determines that Plaintiffs have adequately alleged and established actual and concrete downstream harm as a result of Defendants' failure to provide the required wage and hour notices and wage statements. Plaintiffs have shown that "Defendants' violations impaired their ability to seek relief due to a lack of information." More than that, Plaintiffs have proved, and the Court agrees, that Defendants' failure to maintain proper wage statements because of their automatic meal-break deduction and eight-hour rounding led Plaintiffs to lose wages. These are exactly the types of harm that the Second Circuit considered to be sufficient to establish standing in Guthrie. Therefore, the Court finds for Plaintiffs on this issue."
>
> *Sanchez v. Clipper Realty, Inc.,* 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. February 23, 2026) (internal citations removed).

50. Here, Defendants' conduct has led to exactly the kind of injury contemplated in *Guthrie and Sanchez*. By failing to inform Plaintiff and Class Members of the actual hours that Defendants knowingly and willfully operated their business with a policy of failing to provide they worked by not providing them with wage statements, Defendants were able to hide their wrongdoing, as Plaintiff and Class Members were unaware of the fact and/or the amounts by which they were being underpaid. Had Defendants provided proper wage statements to Plaintiff and Class Members which accurately listed the total number of hours Plaintiff and Class Members actually worked, as required by law, Defendants would have had to either (a) increase the wages to correspond to the hours actually worked or (b) forthrightly acknowledge, by way of the wage statement, that the employee's wages did not correspond to the hours the employee actually worked.

51. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services if Plaintiff prevails.

## STATEMENT OF CLAIMS

## COUNT 1

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

53. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

55. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

56. At all relevant times, Defendants had a policy and practice of late payments, failing to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked due to time-shaving in violation of the FLSA.

57. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Additionally, Defendant set up regular pay dates on which Plaintiff, FLSA Collective, Class Members were to be paid, however Defendant failed to compensate employees on these dates. Instead, Defendant either failed to compensate employees at all or paid them unreasonably late.

59. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours, when Defendants knew or should have known such was due as a consequence of Defendants' intentional policy of time-shaving.

60. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

62. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time-shaving; plus an equal amount as liquidated damages.

63. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

64. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2, 651.

66. At all relevant times, Defendants had a policy and practice of late payments, failing to pay Plaintiff and Class Members all wages, including overtime, due to time-shaving, in violation of the NYLL, including §198 and §663.

67. At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights

by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek due to time-shaving in violation of NYLL, including § 198 and § 663.

68. Defendants knowingly and willfully failed to provide accurate wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

69. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

70. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving; unreimbursed uniform maintenance costs; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

**COUNT III**

**BREACH OF CONTRACT**

**(implied covenant of good faith and fair dealing)**

71. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

72. Plaintiff and the Class entered into a contract with Defendants to sell their labor to Defendants.

73. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position

of the promisee would be justified in understanding were included [in the contract].” 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

74. Plaintiff and Class Members reasonably expected prevailing wages as one of the benefits of entering into a contract with Defendants, which were known to undertake public works projects. Plaintiff and Class Members reasonably understood that Defendants were agreeing to pay them all legally required wages.

75. Plaintiff and Class Members supplied their labor to Defendants as contractually required. But Defendants breached their contract with Plaintiff and Class Members when Defendants failed to pay them legally required prevailing wages.

76. As a result, Plaintiff and Class members have been damaged in an amount to be proven at trial. Defendant must pay this sum to Plaintiff and Class Members, along with an award of liquidated damages, interests, costs, and attorneys’ fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, including any and all persons acting in concert with them as provided by law, prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime wages due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of compensatory damages for Defendants' breach of contract, in an amount to be determined at trial;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 16, 2026
New York, New York

Respectfully submitted,

By: */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10012
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the class*